# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

***

| | |
|---|---|
| B.L.R. BY AND THROUGH HIS GUARDIAN AD LITEM, TAMYRA R. RIGGS, | |
| Plaintiff, | 2: 13–cv–1830–APG–VCF |
| vs. | |
| | **ORDER** |
| CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration, | |
| Defendant. | |

Before the court are Plaintiff B.L.R.'s Motion to Proceed *In Forma Pauperis* (#1[1]) and Complaint (#1-1).

## IN FORMA PAUPERIS APPLICATION

Plaintiff B.L.R. asserts in his application to proceed *in forma pauperis* that he lives with his mother, Tamyra R. Riggs, who is currently employed, and currently takes home $800.00 a month. (#1). Plaintiff also asserts that he has $10.00 in a checking account. (*Id*.) Accordingly, Plaintiff's request to proceed *in forma pauperis* is granted pursuant to § 1915(a).

## LEGAL STANDARD

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915(e)(2). "To survive a

---

[1] Parenthetical citations refer to the court's docket.

1

motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

**DISCUSSION**

I.   **Screening Plaintiff's Complaint**

Plaintiff's complaint arises from an unfavorable decision by the Commissioner of Social Security Administration (hereinafter "Commissioner"). (*See* Compl. (#1-1) at 1). Plaintiff asserts that he is "disabled as that term is defined in the Social Security Act," and that he filed an application for disability insurance benefits. (*Id.*) The Commissioner denied the application both upon initial review and reconsideration. (*Id.*) Plaintiff participated in a hearing before the ALJ, and the ALJ issued a decision also denying plaintiff's claim for benefits. (*Id.*) The Appeals Counsel denied plaintiff's request for a review of the ALJ's decision, making the Commissioner's decision final. (*Id.*) Plaintiff has appealed the decision of the Commissioner to this court, and "requests that this court reverse that decision, or in the alternative, . . remand this matter for a new hearing." (*Id.*)

Plaintiff may appeal to this court the Commissioner's denial of his application for Disability Insurance Benefits under Title II of the Social Security Act. *See* 42 U.S.C. §§ 401-433. This court has jurisdiction over the matter. *Id.* Construing plaintiff's allegations in light most favorable to Plaintiff, the

1    court finds that Plaintiff has asserted a claim upon which relief can be granted. *See Russell*, 621 F.2d at

2    1039.

3    **II.    Plaintiff's Motion to be Appointed Guardian *Ad Litem***

4    Tamyra R. Riggs is attempting to bring claims on behalf of her minor son, B.L.R. (#2). As set

5    Because B.L.R. is a minor child, he cannot appear on his own behalf in this litigation. He must appear

6    through a guardian *ad litem*.

7    The Ninth Circuit has held that appointment of a guardian ad litem "must normally be left to the

8    sound discretion of the trial court and may be reviewed only for abuse of discretion." U*nited States v.*

9    *30.64 Acres of Land*, 795 F.2d 796, 804 (9th Cir. 1986). Rule 17(c) of the Federal Rules of Civil

10   Procedure requires a court to take whatever it deems proper to protect a minor person during litigation. It

11   provides, in pertinent part: "If an infant does not have a duly appointed representative he may sue by his

12   next friend or by guardian ad litem. The court shall appoint a guardian ad litem for an infant . . . or shall

13   make such other order as it deems proper for the protection of the infant." *Id*. Here, B.L.R. is a minor

14   and cannot prosecute his own claims in this court. The court finds, therefore, that Plaintiff's motion to be

15   appointed guardian *ad litem* is meritorious.

16   ACCORDINGLY, and for good cause shown,

17   IT IS ORDERED that Plaintiff's Application to Proceed *In Forma Pauperis* (#1) is GRANTED.

18   IT IS FURTHER ORDERED that Plaintiff's motion to be appointed guardian *ad litem* (#2) is

19   GRANTED.

20   IT IS FURTHER ORDERED that Plaintiff is permitted to maintain the action to conclusion

21   without the necessity of prepayment of any additional fees, costs, or security. This order granting *in*

22   *forma pauperis* status does not extend to the issuance of subpoenas at government expense.

23   IT IS FURTHER ORDERED that the Clerk of the Court file the Complaint (#1-1) and serve the

24   Commissioner of the Social Security Administration by sending a copy of the summons and Complaint

25

3

(#1-1) by certified mail to: (1) General Counsel, Social Security Administration, Room 611, Altmeyer Bldg., 6401 Security Blvd., Baltimore, Maryland 21235; (2) the Attorney General of the United States, Department of Justice, 950 Pennsylvania Avenue, N.W., Room 4400, Washington, D.C. 20530; and (3) Office of the Regional Chief Counsel, Region IX, Social Security Administration,      160 Spear St., Suite 899, San Francisco, CA 94105-1545.

IT IS FURTHER ORDERED that the Clerk of Court issue summons to the United States Attorney for the District of Nevada and deliver the summons and Complaint (#1-1) to the U.S. Marshal for service.

IT IS FURTHER ORDERED that from this point forward, plaintiff must serve upon Defendant, or his attorney if he has retained one, a copy of every pleading, motion, or this document submitted for consideration by the court.  Plaintiff must include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or their counsel.  The court may disregard any paper received by a district judge, magistrate judge, or the Clerk which fails to include a certificate of service.

DATED this 6th day of January, 2014.


_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

4